# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN J. DEBARR, | ) | 3:12-cv-00039-LRH-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TARA CARPENTER, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

Before the Court is Plaintiff's Motion for Consolidation of Cases. (Doc. # 19.) Defendants have opposed. (Doc. # 23.) No reply memorandum was filed by Plaintiff.

**I. BACKGROUND**

Plaintiff, a pro se inmate housed by the Nevada Department of Corrections (NDOC) at Lovelock Correctional Center (LCC), seeks to consolidate the instant matter (*Debarr* Action) with an action brought by two other LCC inmates, Chioke Gadsden and Nathan Peterson, *Gadsden v. Carpenter*, 3:12-cv-00098-RCJ-VPC (*Gadsden* Action).

Before the *Gadsden* Action was removed to the U. S. District Court (*Gadsden* Action, Doc. # 1), the plaintiffs filed a motion to consolidate in the state court where the action was commenced (*see Gadsden* Action Doc. # 7). The defendants in the *Gadsden* Action apparently have not filed a response to the motion, stating that they would not do so until after the court issues a screening order. (*See* Doc. # 6 at 1-2.) When the Screening Order was issued in the *Gadsden* Action, it did not reference the consolidation motion. In apparent contradiction to their original position, the *Gadsden* Action defendants later indicated that they intend to file their own motion to consolidate the

1  *Gadsden* Action with the *Debarr* Action. To date, however, the *Gadsden* defendants have not opposed
2  the plaintiffs' motion; nor did they file their own motion.
3      Interestingly, in their Opposition to the instant motion, the *Debarr* Action defendants take the
4  position that because the motion to consolidate in the *Gadsden* Action was pending in state court when
5  the action was removed, and because the plaintiffs to the *Gadsden* Action have not re-filed the motion
6  in federal court, that the motion essentially does not exist. The court disagrees. Generally, motions
7  filed in state court prior to removal are considered viable when the case activates in federal court. *See*
8  *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) ("[a]fter removal,
9  the federal court 'takes the case up where the state court left it off[.]'" (citation omitted).
10      Notwithstanding the foregoing, the court will move forward on the instant motion.
11  **II. ANALYSIS**
12      Plaintiff provides scant justification for the motion to consolidate the *Debarr* Action with the
13  *Gadsden* Action. Plaintiff merely makes reference to the pendency of the *Gadsden* Action and
14  indicates that a motion for consolidation was also filed in that matter. (*DeBarr* Action Doc. # 19 at 2.)
15  Plaintiff cites the language of Federal Rule of Civil Procedure 42(a), which authorizes a court to
16  consolidate actions if they involve common questions of law or fact. Plaintiff, however, provides no
17  explanation of the common questions of law or fact which supposedly exist in the two matters making
18  consolidation appropriate.
19      The defendants in the *DeBarr* Action, all of whom (with the exception of Don Helling) are also
20  defendants in the *Gadsden* Action, have opposed the motion for consolidation. (*DeBarr* Action Doc.
21  # 19.) Defendants note that although Rule 42(a) cloaks the district court with broad discretion to
22  consolidate cases, the party seeking consolidation bears the burden of establishing that consolidation
23  is desirable. (*Id*. at 2-3.) Defendants contend that the complaints in these two actions assert unique
24  claims, and as such, do not share common issues of law or fact.
25      While both of these actions reference the destruction of pagan religious grounds, the claims
26  for relief asserted in the two actions differ markedly. In this action, Plaintiff alleges that his religious
27  rights were violated through retaliatory disciplinary actions, and involves claims of retaliation, the First
28

1  Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42
2  U.S.C. § 2000cc, *et. seq.* (*Debarr* Action Doc. # 7 at 4-5.)  In contrast, the *Gadsden* Action is
3  comprised of First Amendment claims for the alleged destruction of pagan religious grounds, a First
4  Amendment retaliation claims against a defendant for filing inmate grievances, and a due process
5  claim related to the disciplinary process. (*Gadsden* Action Doc. # 4 at 5-9.)

To be subject to consolidation, cases do not have to be identical; however, Rule 42 requires that the cases have common issues of law and fact.  Fed. R. Civ. P. 42.  The court has broad discretion in balancing the any savings to the judicial system against the possible inconvenience, delay or prejudice to the parties.  *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  In the instant matter, in the exercise of its discretion over requests for consolidation, the court finds that the two cases do not have sufficient common questions of both law and fact to authorize their consolidation.

Plaintiff's motion for consolidation (Doc. # 19) is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated:   January 15, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3