**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BRIAN JOEL DEBARR, | ) | 3:12-cv-00039-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | April 25, 2013 |
| | ) | |
| STEPHEN CLARK, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER:   <u>            FTR            </u>

COUNSEL FOR PLAINTIFF:   <u>Brian Joel Debarr, In Pro Per (Telephonically)      </u>

COUNSEL FOR DEFENDANT(S):   <u>Micheline Fairbank                        </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:07 p.m. Court Convenes.

I.      **Preliminary Matters**

        The court advises the parties dispositive motions are due close of business on **Monday, June 10, 2013.**

II.     **Plaintiff's Motion to Compel (Dkt. #27)**

        A.      **Request for Production of Documents**

                **1.)  Request for Production No. 2**

        The court explains that this request would be deemed appropriate if it were to be tailored to other actions against the named defendants in this instant matter, which are analogous to plaintiff's claims.  Therefore, Request for Production No. 2 is **GRANTED** to the extent that defendants shall address any prior claims within the past five (5) years.  Defendants' responses shall be filed within twenty-one days or no later than **Thursday, May 16, 2013**.

**MINUTES OF PROCEEDINGS**
3:12-cv-00039-LRH-WGC
Date: April 25, 2013
Page 2

### 2.)  Request for Production No. 3

The court tailors plaintiff's Request for Production No. 3 in effort to narrow the scope of this request.  Ms. Fairbank is to respond to the following request: whether any of the defendants have had disciplinary proceedings during the past five (5) years that relate to the exercise of religious freedom issues (broadly construed).  The court notes that if there are documents responsive to this request, that are deemed a safety and security threat, Ms. Fairbank is to submit a notice of an *in camera* submission of the documents.  The court notes that if there are responsive documents to this requests and they are submitting *in camera* the court will schedule a hearing to address any objections and the matter of asserting privilege on behalf of the defendants.

Therefore, to the extent defendants shall respond to the tailored request for production as stated above, plaintiff's Request for Production No. 3 is **GRANTED**.

### 3.)  Request for Production No. 5

The court is satisfied with Ms. Fairbank's representation that there are no specific documents relating to this request.  Therefore, Request for Production No. 5 has been adequately responded to and no additional response is necessary.  Therefore, plaintiff's Request for Production No. 5 is **DENIED**.

### 4.)  Request for Production No. 7

Mr. Debarr explains that within this request he is trying to show a pattern of retaliation on behalf of the defendants when inmates file grievances and how that may relate to inmate transfers to other institutions.  The court determines that this request appears to be unreasonably burdensome to the defendants.  Therefore, plaintiff's Request for Production No. 7 is **DENIED**.

### 5.)  Request for Production No. 9

Mr. Debarr explains that he is trying to seek documentation that relates to his placement and discharge from Ad-Seg.  Mr. Debarr indicates that the documents he has received in response to this request are printed "cronos" from the institution's computer system and not the actual Ad-Seg forms and Classification Forms.

The court finds that these documents would be of relevance to Mr. Debarr's claims in this matter.  Ms. Fairbank agrees and advises the court she will supplement defendants' responses within twenty-one days.  Therefore, Request for Production No. 9 is **GRANTED**.

MINUTES OF PROCEEDINGS
3:12-cv-00039-LRH-WGC
Date: April 25, 2013
Page 3

### 6.)  Request for Production No. 13

Ms. Fairbank indicates that defendants' continue to have problems securing a method to extract the digital recording as to the disciplinary proceedings on 11/17/2009 and 12/15/2009. Ms. Fairbank reiterates that defendants have no objection responding to this request and that efforts are ongoing to satisfy this request.

The court directs that the defendants produce the transcript within the next twenty-one (21) days or provide notice if the defendants are unable to secure a transcript because of the technological incompatibilities.  Therefore, to the extent defendants anticipate to produce the transcript from the digital recordings, plaintiff's Request for Production No. 13 is **GRANTED**.

### 7.)  Request for Production No. 17

The court notes that defendants have represented that there are no documents responsive to this request.  Therefore, Request No. 17 is **DENIED**.

### 8.)  Request for Production No. 19

The court notes that it appears to be the contentions of defendants that the answers attached to plaintiff's interrogatories are responsive to this request.  Ms. Fairbank explains that defendants have provided Mr. Debarr his grievance history in its entirety and an explanation from each of the defendants regarding their basis for citing him for abuse of the grievance process within the provision of AR 740.

To the extent defendants' represent that they have provided Mr. Debarr with responses related to this request within the answers to interrogatories Exhibits K, L, M, N, O, P and Q, plaintiff's Motion to Compel, Request for Production No. 19 is **DENIED**.

### 9.)  Request for Production No. 22

Mr. Debarr explains that he was labeled as a member of the Security Threat Group ("STG"), which he contends was the institutions reasoning for transferring him out of Lovelock Correctional Center ("LCC") to High Desert State Prison ("HDSP").  Ms. Fairbank argues that Mr. Debarr was never identified or validated within any type of institutional classification as a member of STG; therefore, there was no need to trigger for a Due Process Hearing to classify Mr. Debarr as a member of STG.

The court notes that defendants' original response does not include the representations made today and directs Ms. Fairbank to supplement defendants' response to this request

**MINUTES OF PROCEEDINGS**
3:12-cv-00039-LRH-WGC
Date: April 25, 2013
Page 4

reiterating the representations made today.  Therefore, to the extent defendants are required to supplement its response to this request, Request for Production No. 22 is **GRANTED**.

### B.      Plaintiff's Interrogatories

#### 1.)  Interrogatory No. 9

The court finds that defendants' response to be adequate.  Therefore, Interrogatory No. 9 is **DENIED**.

#### 2.)  Interrogatory No. 10

The court finds that defendants' response to be adequate.  Therefore, Interrogatory No. 10 is **DENIED**.

**IT IS SO ORDERED.**

2:01 p.m. Court Adjourns.

LANCE S. WILSON, CLERK
By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk