UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN J. DEBARR, | ) | 3:12-cv-00039-LRH-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TARA CARPENTER, *et al*., | ) | |
| | ) | |
| Defendants | ) | |

Before the Court is Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel (Doc. # 33). Plaintiff did not file his motion but instead served it on counsel for the Defendants. Defendants' counsel attached Plaintiff's motion (Doc. # 33-1) as Exhibit A to their opposition. Also before the court is Plaintiff's Reply to Defendants Opposition to Motion for Appointment of Counsel (Doc. # 34).

Plaintiff bases his motion on 28 U.S.C. §1915(e)(1) and submits "he is allowed to request an attorney under the "*informa pauperis* law." (Doc. # 33-1 at 2,)[1] Defendants oppose the motion based on Plaintiff's failure to show the existence of any exceptional circumstance which would warrant appointment of counsel. (Doc. # 33.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances

---

[1] There is no such order granting plaintiff *informa pauperis* status in this case. This case was removed from the Sixth Judicial District Court by counsel for the defendants, thus Plaintiff incurred no filing fee.

in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

There is unfortunately no pool of attorneys in Nevada to whom the Court can turn to appoint counsel in *pro se* prisoner §1983 litigation. The Court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)].

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. However, the district court exercises discretion in making this finding.

Plaintiff states he has limited access to the law library, that he is not trained in a legal capacity (*id.* at 2) and that counsel will be required as there are multiple defendants, witnesses to cross examine which necessitate investigatory preparation outside of his means and abilities (*id*. at 3). While plaintiff may not have legal training and has limited education, this is the dilemma of the majority of pro se plaintiffs who proceed before this court, but this does not amount to an extraordinary circumstance justifying the appointment of counsel.

On screening (Doc. # 7) Plaintiff's complaint was found to allege a claim under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) based upon allegations that Plaintiff was retaliated against for filing grievances and due to his pagan faith and under the Equal Protection Clause for alleged discrimination against those of pagan faith. These claims are neither unduly complex nor complicated.

While Plaintiff summarily states in his reply that he has met the standard of merit, complexity and necessity (Doc. # 34 at 1), he has still failed to convince the Court of the likelihood of success on

2

the merits of his claims or the complexity of the legal issues involved.  He has, however, shown an ability to articulate his claims in not only this motion but in others he has filed in the short duration of the case (see, e.g., Doc. ## 19, 23, 27).  Plaintiff's argument also does not establish the threshold requirement that his claim is "likely to be of substance" or that there is a likelihood of success.

Plaintiff's Motion for Appointment of Counsel (Doc. # 33-1) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 26, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3