UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

BRIAN J. DEBARR,

    Plaintiff,

v.

T. CARPENTER, *et al.*,

    Defendants.

3:12-CV-00039-LRH-WGC

ORDER

    Before the Court is Plaintiff Brian J. Debarr's ("Debarr") Motion for Reconsideration of the Court's January 15, 2013 Order Denying Consolidation of Cases. ECF No. 89.[1] Defendants filed a Response (ECF No. 91), to which Debarr replied (ECF No. 92).

    The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *School Dist. No. 1J v. ACandS, Inc*., 5 F.3d. 1255, 1263 (9th Cir. 1993). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co*., 947 F.Supp. 429, 430 (D. Haw. 1996).

    Debarr argues that the Court should reconsider its order denying consolidation of this case with *Gadsen, et al v. Carpenter, et al*, *Case No. 3:12-cv-00098-RJC-VPC,* which also

---

[1] Refers to the Court's docket number.

1  involves the treatment of the Pagan faith at Lovelock Correctional Center.  ECF No. 89.

2  However, consolidation is not appropriate in this case.  First, while the instant case and *Gadsen*

3  are currently pending before different judges and magistrates, it is important to note that the

4  cases were both originally assigned to Judge Edward Reed.  ECF No. 2 and *Gadsen*, ECF No. 2.

5  The cases were reassigned to their current judges on October 1, 2012.  ECF No. 15 and *Gadsen,*

6  ECF No. 19.  At no time while both cases were assigned to Judge Reed was there any motion to

7  consolidate filed by any party.  Further, the lack of a jury demand in *Gadsen* demonstrates a

8  significant difference between the two cases, justifying a denial of consolidation.  If the cases

9  were consolidated, it would result in one case being decided by two different finders of fact,

10  which would cause unnecessary confusion and would not alleviate the possibility of inconsistent

11  results.  Accordingly, the Court declines to reconsider its January 15, 2013 Order.  ECF No. 26.

13  IT IS THEREFORE ORDERED that Debarr's Motion for Reconsideration (Doc. #89) is

14  DENIED.

15  IT IS SO ORDERED.

16  DATED this 30th day of July, 2016.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE