# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN J. DEBARR,   )   3:12-cv-00039-LRH-WGC
                Plaintiff,   )   **ORDER**
    vs.   )
TARA CARPENTER, et al.,   )
                Defendants.   )

      Before the court is Defendants' Motion for Leave to File Certain Confidential and Highly Confidential Documents Referenced in the Renewed Motion for Summary Judgment Based on Qualified Immunity Under Seal. (Electronic Case Filing (ECF) No. 108.) Plaintiff filed a response (ECF No. 111), and Defendants filed a reply (ECF No. 113).

## I. BACKGROUND

      Defendants seek to file certain exhibits which support their renewed motion for summary judgment under seal; specifically, Exhibits H, I, J, K, L and N. (ECF No. 108 at 2.) They identify the exhibits as follows:

Exhibit H: Transcript of DeBarr Disciplinary Hearing

Exhibit I: Transcript of Gadsden Disciplinary Hearing

Exhibit J: Transcript of Peterson Disciplinary Hearing

Exhibit K: DeBarr Disciplinary Hearing Audio Recording

Exhibit L: Gadsden and Peterson Audio Recordings; and

Exhibit N: "Confidential" Deposition of Widmar

///

1    Exhibits H, I, J and N can be found in the record at ECF Nos. 125-1, 125-2, 125-3 and 125-6,
2    respectively. Exhibits K and L, which are audio recordings, were manually filed by Defendants.
3    Defendants argue that the documents fall under the Amended Stipulated Protective Order
4    (ECF No. 100), and contain sensitive information concerning inmates' disciplinary hearings and discuss
5    the hearings of Plaintiffs (Plaintiff Brian J. DeBarr in this action, and Plaintiffs Chioke Gadsden and
6    Nathan Peterson in *Gadsden v. Carpenter.*, Case No. 3:12-cv-00098-MMD-VPC). In the case of
7    Widmar's deposition, they argue that it discusses disciplinary proceedings of third party inmates.
8    (ECF No. 108 at 1-2, 4.) Defendants cite Administrative Regulation (AR) 569 which states that
9    "[i]nmate information that is not specifically approved for disclosure within an NDOC Administrative
10   Regulation is considered confidential for purposes of disclosure, does not constitute a matter of public
11   record, and is not to be communicated and/or released to the general public or to the news media." (*Id*.
12   at 3.) They note that courts have granted requests to file case notes under seal citing legitimate
13   penological interests in keeping the confidential information from the public. (*Id*., citing *Ortiz v. Cox*,
14   2010 WL 3025199 (D. Nev. July 29, 2010)

15   In his response, Plaintiff cites that he, as well as Gadsden and Peterson in their own actions, have
16   challenged the propriety of their disciplinary hearings and specifically put them at issue; thus, they have
17   waived any privacy right as to what took place during those hearings, and submit declarations from each
18   of the plaintiffs to that effect. (ECF No. 111 at 2, ECF No. 111-1 (DeBarr Decl.), ECF No. 111-2
19   (Gadsden Decl.), ECF No. 111-3 (Peterson Decl.).) Therefore, Plaintiff contends no compelling reasons
20   exist for sealing these documents. Insofar as Exhibit N (Widmar's deposition) is concerned, Widmar
21   apparently discusses the disciplinary hearings of other inmates around the same time and concerning the
22   same issue as Plaintiff's (submitting grievances concerning the pagan grounds). Plaintiff argues that
23   Defendants' concerns are adequately addressed by redacting the names and other identifying information
24   from the public filings. (*Id*. at 3.)

25   In their reply, Defendants argue that regardless of the waiver by these plaintiffs, there is a
26   question as to whether the recordings and transcripts are public records since there was no requirement
27   that the disciplinary hearings be recorded. (ECF No. 113 at 2.) In any event, Defendants assert that the
28

2

court should balance the concerns of Defendants regarding what they describe as public access to highly sensitive, confidential disciplinary proceedings which "could have serious safety and security implications" in favor of sealing the documents. (*Id*. at 2.) Finally, Defendants disagree with the approach of redaction for Widmar's deposition transcript. (*Id*. at 3.) They point out that Plaintiff's counsel agreed to ask the questions that appear in this portion of the transcript outside the presence of the parties due to the confidential nature of Widmar's responses.

## II. LEGAL STANDARD

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "**a strong presumption in favor of access is the starting point**." Id. (internal quotation marks and citation omitted) (emphasis added). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (October 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad. Co. v. U.S. Dist. Court-D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *See Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (quoting *Kamakana,* 447 F.3d at 1179). "The court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*. (citing *Nixon*, 435 U.S. at 598-99).

*Center for Auto Safety* described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Id*. (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002)). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. (citing Fed. R. Civ. P. 26(c)).

The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101 (9th Cir. 2016). If that is the case, the compelling reasons standard is applied.

### III. DISCUSSION

Here, the exhibits Defendants seek to file under seal are filed in connection with Defendants' renewed motion for summary judgment, which is undoubtedly "more than tangentially related to the merits" of this case. Therefore, the "compelling reasons" standard applies.

4

1    Insofar as Exhibits H, I, J, K, and L are concerned, Defendants only discuss the "confidentiality" of the documents and potential safety and security concerns in generalities. They do not point out what exactly is confidential about these particular documents, or what specific safety and security concerns are implicated. The court tends to agree with Plaintiff that he, Gadsden and Peterson have put these disciplinary hearings at issue and have described what occurred in those proceedings in this litigation; therefore, the court does not perceive what would be accomplished at this time by sealing these particular materials.

Defendants simply have not demonstrated how the substance of these hearing transcripts and audio recordings—the filing of grievances concerning the pagan grounds—is "highly confidential," such that it should be shielded from public disclosure. From the complaint and other documents publicly filed in this litigation, it is clear that the pagan and Native American inmates in the unit were told in January 2009 that the area they used for religious activities would be flattened somewhat because of construction work occurring in the area, and a group of pagan inmates felt their grounds were disrespected and at least fifteen inmates filed over twenty-one grievances (each) on various issues. The prison staff determined that the grievances were designed to harass, and the inmates were charged with abuse of the grievance process. The inmates maintained they were simply trying to exhaust their administrative remedies in accordance with prison regulations, and that they were not notified they were doing something wrong (i.e., they did not receive an improper grievance memorandum). DeBarr, Gadsden and Peterson were found guilty of the disciplinary charges and each was sentenced to fifteen days of disciplinary segregation. These same basic facts are divulged in the hearing transcripts of DeBarr, Gadsden and Peterson.

The court does not see any reason to seal the disciplinary proceeding transcripts or audio recordings for DeBarr, Gadsden, and Peterson, which essentially mimic the allegations of their complaints, and are already in the public record. Nor do the transcripts or recordings reveal anything about the prison disciplinary process that poses any apparent safety or security concern.

It is true that the court has permitted the filing of disciplinary hearing transcripts and recordings under seal in the past, but the burden is on the party seeking to seal a document to overcome the

5

presumption of public access in each instance. An order in one case is not carte blanche approval for the filing of a disciplinary hearing transcript under seal in another case. Moreover, the cases cited by Defendants' reply (*Depasquale*, 3:07-cv-00107-LRH-VPC, 2009 WL 2957967 (D. Nev. Sept. 10, 2009); *Alexander*, 3:12-cv-00535-MMD-VPC; *Alexander*, 3:12-cv-00535-MMD-VPC, 2014 WL 11370483), are all decisions by Magistrate Judge Cooke, who is free to make whatever determination she sees fit in her cases under the guidance of Ninth Circuit case law on point.

Therefore, the motion for leave to file Exhibits H, I, J, K and L under seal is denied.

Insofar as Exhibit N (the Widmar deposition transcript) is concerned, the portion of the transcript submitted for filing under seal was marked by the court reporter as confidential, and the parties were cleared from the room during the testimony. The parties' attorneys found the testimony to be sensitive enough to exclude the parties from that portion of the deposition, and the court appreciates the safety and security concerns that are implicated by Widmar's testimony concerning why some inmates who were initially involved in submitting the grievances did not also serve a disciplinary sanction. Therefore, the court finds compelling reasons exist for sealing the exhibit and the motion is granted with respect to Exhibit N.

### IV. CONCLUSION

Defendants' motion (ECF No. 108) is **DENIED** with respect to Exhibits H, I, J, K and L. The Clerk shall **UNSEAL** those exhibits.

Defendants' motion is **GRANTED** with respect to Exhibit N, which shall remain under seal.

**IT IS SO ORDERED**.

DATED: January 30, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE